**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**MCALLEN DIVISION**

| | | |
|---|---|---|
| **MARIA CYNTHIA VELA** | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO._____** |
| | § | **JURY DEMANDED** |
| **SUSSEX INSURANCE COMPANY** | § | |
| **AND ROGER PALACIOS** | § | |
| | § | |
| **Defendants** | § | |

## DEFENDANT SUSSEX INSURANCE COMPANY'S NOTICE OF REMOVAL

TO THE HONORABLE COURT:

Pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, Defendant, Sussex Insurance Company, in Cause No. C-1375-16-I pending in the 398th Judicial District Court, Hidalgo County, Texas, files this Notice of Removal from that court to the United States District Court for the Southern District of Texas, McAllen Division, on the basis of diversity of citizenship and respectfully shows:

**I.**

**FACTUAL BACKGROUND**

1.1    On or about March 25, 2016, Plaintiff filed her Original Petition in the matter styled *Maria Cynthia Vela v. Sussex Insurance Company and Roger Palacios* in the 398th Judicial District Court, Hidalgo County, Texas, in which Plaintiff made a claim for damages to her home under a homeowner's insurance policy.

1.2    Plaintiff asserts a claim against Roger Palacios, as the adjuster assigned to Plaintiff's claim.

1

1.3     Plaintiff served Sussex Insurance Company (hereinafter "Sussex") with process and Plaintiff's Original Petition on April 11, 2016.

1.4     Plaintiff's Original Petition states that her property sustained storm damages.  *See* Plaintiff's Original Petition at §IV, ¶ 9.

1.5   Simultaneously with filing of this notice of removal, attached hereto as Exhibit "A" is the Index of Matters Being Filed.  A copy of the Hidalgo County District Clerk's file for this case is attached as Exhibit "B," which includes true and correct copies of all executed process, pleadings and orders.  Attached hereto as Exhibit "C" is the Designation of Counsel, Exhibit "D" is the consent to removal.

## II.

## BASIS FOR REMOVAL

2.1     Removal is proper based upon diversity of citizenship under 28 U.S.C.  §§ 1332, 1441(a) and 1446.

2.2     Plaintiff is, and was at the time the lawsuit was filed, a resident of the State of Texas.  *See* Plaintiff's Original Petition, at §IV, ¶ 7.

2.3     Defendant Sussex Insurance Company (hereinafter "Sussex") is incorporated as a South Carolina – domiciled insurance company, and has its principal place of business in South Carolina.  Accordingly, Sussex is not a citizen of Texas.

2.4     Defendant Roger Palacios, although not a proper party to this lawsuit, is a citizen of the State of Texas.

**A.     Defendant Roger Palacios Has Been Improperly Joined in this Lawsuit**

2.5     With respect to the claims against Defendant Roger Palacios, Sussex says Defendant Roger Palacios has been improperly joined in this action.

2.6     Improper joinder may be established in two ways: (1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the Plaintiff to establish a cause of action against the non-diverse defendant in state court.  *Int'l Energy Ventures Mgmt, L.L.C. v. United Energy Grp., Ltd.*, No. 14-20552, 2016 WL 1274030 *3 (5th Cir. Mar. 31, 2016); *Smallwood v. Illinois Central R.R. Co*., 385 F.3d 568, 573 (5th Cir. 2003)(*en banc*).  The test for improper joinder is "whether the defendant has demonstrated that there is no possibility of recovery by the Plaintiff against an in-state defendant, which stated differently means that there is no reasonable basis for the district court to predict that the Plaintiff might be able to recover against an in-state defendant."  *Smallwood*, 385 F.3d at 573 (citing *Travis v. Irby*, 326 F.3d 644, 648 (5th Cir. 2003)).  The Court is to conduct the test using a Rule 12(b)(6)-analysis of the state court petition to determine whether the Plaintiff states a claim or use a summary inquiry to identify discrete and undisputed facts that would preclude recovery.  *Smallwood*, 385 F.3d at 573; *see also Lakewood Chiropractic Clinic v. Travelers Lloyds Ins. Co.,* No. H-09-1728, 2009 WL 3602043, at * 1 (S.D. Tex. Oct. 27, 2009).

2.7     Here, Plaintiff failed to offer any specific facts to support her claims against Defendant Roger Palacios and therefore failed to make the required "factual fit between [his] allegations and the pleaded theory of recovery."  *Griggs v. State Farm Lloyds,* 181 F.3d 694, 701 (5th Cir. 1999).  Indeed, Plaintiff's claims against Palacios are nothing more than bare-bone, conclusory, over-generalized boiler-plate allegations devoid of substantive facts.  *See* Plaintiff's Original Petition, §V, ¶¶ 23-31.  Section IV of the petition is mistitled "Facts."  In paragraphs 6-9, we learn that Sussex issued a homeowners policy to Plaintiff covering her home in Mission, Texas, and that a thunderstorm struck the area on March

26, 2015 with rain, wind, and hail allegedly causing "extensive physical damage" to the property.   Paragraph 11 states that "Defendant under-scoped damages during its inspections" and "made representation that" the policy "excluded some repairs" even though the policy "provided coverage for losses such as the losses suffered by the Plaintiff."  Paragraph 12 complains of delay in payment which allegedly continues to the present.  Paragraphs 13 through 22 contain pleadings directed at "Defendant Sussex" and do not mention Mr. Palacios.

2.8    Plaintiff's failure to mention any actionable facts related to Mr. Palacios can lead to only one conclusion, that Plaintiff did not "'state enough facts to state a claim for relief that is plausible on its face.'"  *Int'l Energy Ventures Mgmt, L.L.C.*, 2016 WL 1274030, at *8 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570)(2007)).  In other words, the lack of factual allegations against Mr. Palacios means that "'there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against'" Mr. Palacios.  *Int'l Energy Ventures Mgmt, L.L.C.*, 2016 WL 1274030, at *7 (quoting *Smallwood*, 385 F.3d at 573 and *Travis*, 326 F.3d 646-47)).

2.9    In assessing the sufficiency of the pleadings against the in-state defendant, the Fifth Circuit's new decision in *International Energy Ventures Management, L.L.C. v. United Energy Group, Limited* clarifies and instructs that in making the Rule 12(b)(6)-type analysis courts are to use the more robust federal pleading standards.  2016 WL 1274030, at *8.  The courts in the McAllen Division typically analyze pleadings in an improper-joinder analysis under Texas' fair notice standard.[1]  In *International Energy*, the Fifth Circuit reiterated that its *en banc* opinion in *Smallwood* was "*the* authoritative source of

---

[1] *See e.g., Espinoza v. Companion Commercial Ins. Co.*, No. 7:12-CV-494 (S.D. Tex. 2013); *Chavez v. Companion Commercial Ins. Co.*, No. M-12-276, 2012 WL 5207522 (S.D. Tex. 2012).

our improper-joinder analysis" and "because *Smallwood* requires us to use the Rule 12(b)(6)-type analysis, we have no choice but to apply the federal pleading standard embodied in that analysis" (Emphasis in original). *Id.*

2.10    Merely repeating statutory language is not the same as pleading actionable facts to which a statute should apply. Plaintiff's failure to mention any actionable facts related to the conduct of Defendant Palacios constitutes a failure to state a claim. *See, e.g. Lakewood Chiropractic Clinic,* 2009 WL 3602043, at *3 (holding that "near verbatim recitations of portions of Chapters 541 and 542 of the Texas Insurance Code" without "facts illustrating what actions are attributable to [the adjuster] individually" does not provide a reasonable basis of recovery).[2]

2.11    "[A] complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, [but] a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Elchehabi v. Chase Home Fin., LLC*, No. H-12-1486, 2012 WL 3527178, at *2 (S.D. Tex. Aug. 15, 2012) (quoting *Twombly,* 550 U.S. at 545). And, "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Id.*; *Guerrero Investments, LLC v. Am. States Ins. Co*.,

---

[2] *See e.g., Griggs,* 181 F.3d at 701-02 (upholding denial of motion to remand where there were no factual allegations in Plaintiff's petition to support claim against agent); *Weldon Contractors, Ltd. v. Fireman's Fund Ins. Co.,* No. 4:09-cv-165-A, 2009 WL 1437837, at *3-4 (N.D. Tex. May 22, 2009) (finding allegations merely listing Insurance Code provisions and asserting that "Defendants" violated such provisions "are really legal conclusions couched as factual allegations"); *Broadway v. Brewer,* No. 4:08CV475, 2009 WL 1445449, at *2 (E.D. Tex. May 21, 2009) (holding petition listing Insurance Code provisions that were violated by Defendants "does not, on its face, allege facts supporting an independent cause of action against [the insurance agent]"); *First Baptist Church of Mauriceville, Tex. v. GuideOne Mut. Ins. Co.,* No. 1:07-CV-988, 2008 WL 4533729, at *6 (E.D. Tex. Sept. 29, 2008) (holding that the Plaintiff's petition "failed to state specific factual averments identifying how [the adjuster] violated the law in a manner giving rise to the asserted claims").

5

No. 7:12-CV-430, 2013 WL 5230718, at *1 (S.D. Tex. Sept. 17, 2013) (finding improper joinder where "the sections setting forth Plaintiff's causes of action against Mason amount to no more than conclusory recitations of the elements of Plaintiff's DTPA, Insurance Code, and conspiracy claims.  In other words, Plaintiff's allegations lack the required 'factual fit.'"); *Xiang Fang v. Companion Commercial Ins. Co*., No. 7:12-CV-324, 2013 WL 5214433 (S.D. Tex. 2013) (same).

2.12    Here, Plaintiff's claims against Defendant Palacios only appear in conjunction with claims against Defendant Sussex, although other claims are also stated separately against Sussex.  The claims alleged against Defendants Sussex and Palacios, together, are Insurance Code violations, common law fraud, and conspiracy to commit fraud.  *See* Plaintiff's Original Petition, §V, ¶¶ 23-31.  Yet, Plaintiff fails to set forth factual details concerning any of his allegations against Defendant Palacios.  The only paragraph specifically addressing Mr. Palacios is paragraph 24.  There, it states that "Defendant, Palacios is liable for its [sic] unfair and deceptive acts, irrespective of the fact it [sic] was acting on behalf of Sussex" and quotes the Texas Insurance Code and a Texas Supreme Court case's definition of a "person" in the business of insurance.  While the petition states that Mr. Palacios was acting on behalf of Sussex, it never describes a specific act or omission by Mr. Palacios, anywhere.  The petition even fails to state that Mr. Palacios adjusted Plaintiff's claim or how he might be related to the claim at all.

2.13    Plaintiff alleges "Defendants Sussex and Palacios" violated the Insurance Code by committing unfair claim settlement practices, such as (i) "misrepresenting to Plaintiff material facts relating to the coverage at issue" (Plaintiff's Original Petition, §V, ¶ 25); (ii) "failing to promptly provide Plaintiff with a reasonable explanation of the basis

in the Policy, in relation to the facts or applicable law, for the offer of a compromised settlement of Plaintiff's claim" (Plaintiff's Original Petition, §V, ¶ 26); (iii) "refusing to pay Plaintiff's claim without conducting a reasonable investigation" (Plaintiff's Original Petition, §V, ¶ 27).

2.14    The allegations of fraud are just as vague and conclusory, and void of facts. Paragraph 29 alleges the Defendants made material misrepresentations to Plaintiffs "as to the extent of her damages, the need for repairs, the quality of their services, and the extent of the coverage provided by the Policy of those damages."   The petition provides no information about the manner in which the home was damaged, what repairs she alleges her home needs but was denied.  What were the repairs which "Defendants" represented were not covered?  There is no discrete information in the petition describing the alleged false statement made by "Defendants."  All that is known is that "Defendants" allegedly made some sort of misrepresentations to Plaintiffs about necessary repairs to her home. Nothing in paragraph 29 describes any statements made by Mr. Palacios, specifically.  As such, the pleading does not set forth a fraud claim against the non-diverse defendant on which Plaintiff might recover.

2.15    The conspiracy to commit fraud claim is even more questionable. Paragraph 31 states:

> Defendants Sussex and Palacios were members of a combination of two or more persons whose object was to accomplish an unlawful purpose by unlawful means.  In reaching a meeting of the minds regarding the course of action to be taken against Plaintiff, Defendants Sussex and Palacios, committed an unlawful, overt act to further the object of the conspiracy.

Plaintiff's Original Petition, § V, ¶ 31.  Nowhere in the petition is the unlawful purpose or means described.[3]  This allegation is nothing more than a regurgitation of the cause of action; it would likely fail under Texas' standard, as well as the federal standard.

2.16    Because Sussex Insurance Company, a foreign defendant, is the only proper defendant in this action, there is complete diversity.  As such, removal is proper based upon diversity of citizenship under 28 U.S.C. §§1332(a)(1), 1441(a), and 1446.

**B.    Amount in Controversy Exceeds the Jurisdictional Requirements for Subject Matter Jurisdiction**

2.17    Federal courts have subject matter jurisdiction over actions between citizens of different states in which the amount in controversy exceeds $75,000.  28 U.S.C. §1332(a)(1); *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 882 (5th Cir. 2000).  Generally, an amount in controversy for the purposes of establishing federal jurisdiction is determined by the Plaintiff's complaint.  *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1411-12 (5th Cir. 1995).

2.18    Here, Plaintiff's claims are centered on the alleged failure to pay the full proceeds of Plaintiff's policy necessary to make repairs to Plaintiff's property.  Plaintiff's Original Petition alleges various causes of action for actual damages, treble damages, exemplary damages, and attorney's fees.  *See* Plaintiff's Original Petition, §XIII.  Plaintiff's Original Petition states that "Plaintiff seeks monetary relief between $200,000.00 (two-hundred thousand) and $1,000,000.00 (one-million) dollars." (Plaintiff's Original Petition, §VI, ¶ 55).

---

[3] Nowhere in the pleading does it explain the existential issue of how Mr. Palacios could be in a combination with a corporation rather than another individual.

2.19    Thus, Defendant Sussex has met the requirements to remove this case to federal court.

### III.

### <u>THE REMOVAL IS PROCEDURALLY CORRECT</u>

3.1    Defendant Sussex was first served with Plaintiff's Original Petition and process on April 11, 2016.  Defendant Sussex files this Notice of Removal within the 30-day time period required by 28 U.S.C. §1446(b).

3.2    Venue is proper in this District and Division under 28 U.S.C. §1446(a) because this District and Division include the county in which the state action has been pending and because a substantial part of the events giving rise to Plaintiff's claims allegedly occurred in this District and Division.

3.3    Pursuant to 28 U.S.C. §1446(d), promptly after Sussex files this Notice, written notice of the filing will be given to Plaintiff, the adverse party.

3.4    Pursuant to 28 U.S.C. §1446(d), a true and correct copy of this Notice of Removal will be filed with the Clerk of the Hidalgo County District Court, promptly after Sussex files this Notice.

### IV.

### <u>CONCLUSION</u>

4.1    Based upon the foregoing, the exhibit submitted in support of this Removal and other documents filed contemporaneously with this Notice of Removal and fully incorporated herein, Defendant Sussex Insurance Company hereby removes this case to this Court for trial and determination.

By: ____/s/ Mikell A. West_____
Mikell A. West
Attorney-in-charge
State Bar No. 24070832
Southern Dist. No. 1563058
P.O. Box 6666
Corpus Christi, Texas 78466
Telephone: (361) 654-7008
Fax: (361) 654-7001
mwest@gnqlawyers.com

**ATTORNEYS FOR DEFENDANT**
**SUSSEX INSURANCE COMPANY**

*Of counsel:*

GAULT, NYE & QUINTANA, L.L.P.
P.O. Box 5959
Brownsville, Texas 78523
Telephone (956) 544-7110
Fax: (956) 544-0607

William Gault
State Bar No. 07765050
Southern Dist. No.14685
bgault@gnqlawyers.com

GAULT, NYE & QUINTANA, L.L.P.
P.O. Box 6666
Corpus Christi, Texas, 78466
Telephone: (956) 618-0628
Fax: (956) 618-0670

Thomas F. Nye
State Bar No. 15154025
Southern Dist. No. 7952
tnye@gnqlawyers.com

Donald W. Elliott, Jr.
State Bar No. 24097651
Southern Dist. No. 2783040
delliott@gnqlawyers.com

## <u>CERTIFICATE OF SERVICE</u>

       I certify that on May 11, 2016, a copy of Defendant Sussex Insurance Company's Notice of Removal was *electronically filed* on the CM/ECF system, and will be served on the following attorney in charge for Plaintiff, Maria Cynthia Vela.

**<u>Via CM/RRR # 7012 2920 0001 5084 8623</u>**
Larry W. Lawrence, Jr.
Michael Lawrence
Lawrence Law Firm
3112 Windsor Rd., Suite A234
Austin, Texas 78703

                                     /s/Mikell A. West
                                    Mikell A. West