3/25/2016 10:59:23 AM
Hidalgo County District Clerks
Reviewed By: Leticia Pecina

CAUSE NO. ___C-1375-16-I___

| | | |
|---|---|---|
| MARIA CYNTHIA VELA | § | IN THE DISTRICT COURT |
| *Plaintiff* | § | |
| | § | |
| VS. | § | _____ JUDICIAL DISTRICT |
| | § | |
| SUSSEX INSURANCE COMPANY | § | |
| AND ROGER PALACIOS | § | |
| *Defendants* | § | HIDALGO COUNTY, TEXAS |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, **MARIA CYNTHIA VELA,** complaining of **SUSSEX INSURANCE COMPANY AND ROGER PALACIOS,** and for cause of action would show:

### I. DISCOVERY

1. This is a level III discovery case as defined by the Texas Rules of Civil Procedure.

### II. PARTIES

2. Plaintiff is a resident of Hidalgo County, Texas.

3. Defendant Sussex Insurance Company is a South Carolina Corporation engaging in the business of insurance in the State of Texas. The defendant may be served with process by serving its registered agent for the State of Texas: CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201.

4. Defendant Roger Palacios is an individual licensed to engage in the business of adjusting insurance claims in Texas. This defendant can be served at a Sussex Insurance Company' office located at 6801 Calmont Avenue, Fort Worth, Texas 76101 or wherever found.

### III. JURISDICTION & VENUE

5. The subject matter in controversy is within the jurisdictional limits of this court. The court has jurisdiction over Defendant Sussex Insurance Company (hereinafter "Sussex") because



EXHIBIT
B

DATE __05|05|16__
A true copy I certify
LAURA HINOJOSA
District Clerk Hidalgo County, Texas
By_____ Deputy 46

it is engaging in the business of insurance in the State of Texas and over Defendant Roger Palacios (hereinafter "Palacios") because he is an adjuster for Sussex who operates out of an Sussex office in Texas. Venue is proper in this county because the insured property is situated in Hidalgo County, Texas. Tex. Civ. Prac. & Rem. Code § 15.032.

## IV. FACTS

6. Plaintiff is the owner of the Texas Homeowner's Insurance Policy (hereinafter referred to as "the Policy"), which was issued by Sussex.

7. Plaintiff owns the insured property, located at 2420 Briarwood Drive, Mission, Texas 78574 (hereinafter referred to as "the Property").

8. Sussex sold the Policy insuring the property to Plaintiff.

9. On or about March 26, 2015, Plaintiff sustained extensive physical damage to the insured Property. During the late afternoon and evening hours of March 26, 2015, strong supercell thunderstorms moved through the Mission, Texas area producing heavy rains, and damaging wind and hail.

10. Plaintiff submitted claims to the Defendants against the policy for damages to the Property as a result of the March 26, 2015 storm. Plaintiff requested that the Defendants cover the costs of these repairs pursuant to the policy they entered into with the Defendants.

11. The Plaintiff reported the damage to the covered Property to the Defendant Sussex. The Defendant wrongfully denied Plaintiff's claim for full repairs to the Property, even though the Policy they have with the Defendant provided coverage for losses such as the losses suffered by the Plaintiff. Additionally, the Defendant under-scoped damages during its inspections, investigations, and payment and made representation that the policy the Plaintiff has with Defendant specifically excluded some repairs.

12. As of the date of this filing, the Defendant continue to delay in the payment for the damages to the property. As a result, Plaintiff has not been paid the full value of the damages suffered to her home.

13. Defendant Sussex failed to perform its contractual duties to adequately compensate Plaintiff under the terms of the policy. In spite of a demand for proceeds to be paid out in an amount sufficient to cover the damaged property, Defendant Sussex has categorically refused to pay the full proceeds available under the policy. Additionally, all conditions precedent to recovery upon the Policy have been carried out by the Plaintiff. Defendant Sussex's conduct constitutes a breach of the insurance contract between Plaintiff and Defendant.

14. Defendant Sussex has misrepresented to Plaintiff there was no damage to areas of the home that were damaged, and that all damage covered under the Policy has been accounted for, even though it has not been paid in full. Defendant Sussex's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. Tex. Ins. Code §541.060(a)(1).

15. Defendant Sussex failed to make an attempt to settle Plaintiff's claim in a fair manner, although it was aware of its liability to Plaintiff under the Policy. Defendant Sussex's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. Tex. Ins. Code §541.060(a)(2)(A).

16. Defendant Sussex failed to adequately explain to Plaintiff the reasons for its offer of an inadequate settlement. Specifically, Defendant Sussex failed to offer Plaintiff adequate compensation, and misrepresented its explanation for why full payment was not being made. Furthermore, Defendant Sussex did not communicate that any future settlements or payments would be forthcoming to pay for the entire losses covered under the Policy, nor did it provide any explanation for the failure to adequately settle Plaintiff's claim. Defendant Sussex's conduct

3/25/2016 10:59:23 AM
Hidalgo County District Clerks
Reviewed By: Leticia Pecina

is a violation of the Texas Insurance Code, Unfair Settlement Practices. Tex. Ins. Code §541.060(a)(3).

17. Defendant Sussex refused to fully compensate Plaintiff, under the terms of the Policy, even though Defendant Sussex failed to conduct a reasonable investigation. Specifically, Defendant Sussex performed an outcome-oriented investigation of Plaintiff's claim, which resulted in a biased, unfair, and inequitable evaluation of Plaintiff's losses on the Property. Defendant Sussex's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. Tex. Ins. Code §541.060(a)(7).

18. Defendant Sussex failed to accept or deny Plaintiff's full and entire claim within the statutorily mandated time of receiving all necessary information. Defendant Sussex's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. Tex Ins. Code §542.056.

19. Defendant Sussex failed to meet its obligations under the Texas Insurance Code regarding payment of claim without delay. Specifically, it has delayed full payment of Plaintiff's claim longer than allowed and, to date, Plaintiff has not received full payment for her claim. Defendant Sussex's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. Tex. Ins. Code §542.058.

20. Since the date Plaintiff presented her claim to Defendant Sussex, the liability of Defendant Sussex to pay the full claim in accordance with the terms of the Policy was reasonably clear. However, Defendant Sussex has refused to pay Plaintiff in full, despite there being no basis whatsoever on which a reasonable insurance company would have relied to deny the full payment. Defendant Sussex's conduct constitutes a breach of the common law duty of good faith and fair dealing.

3/29/2016 10:59:23 AM
Hidalgo County District Clerks
Reviewed By: Leticia Pecina

21. Defendant Sussex knowingly or recklessly made false representations, as described above, as to material facts and/or knowingly concealed all or some material information from Plaintiff.

22. As a result of Defendant Sussex's wrongful acts and omissions, Plaintiff was forced to retain the professional services of the attorney and law firm who are representing her with respect to these causes of action.

## V. CAUSES OF ACTION

**Causes of Action against Sussex and Elizabeth Palacios' Noncompliance with Texas**

**Insurance Code: Unfair Settlement Practices**

23. Defendants, Sussex and Palacios', conduct constitute multiple violations of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE. §541.151.

24. Defendant, Palacios, is liable for its unfair and deceptive acts, irrespective of the fact it was acting on behalf of Sussex, because it is a "person" as defined by TEX. INS. CODE. §541.002(2). The term "person" is defined as "any individual, corporation, association, partnership, reciprocal or inter-insurance exchange, Lloyd's plan, fraternal benefit society, or other legal entity engaged in the business of insurance, including an agent, broker, adjuster or life and health insurance counselor." TEX. INS. CODE. §541.002(2) (emphasis added). (See also *Liberty Mutual insurance Co. V Garrison Contractors, Inc.*, 966 S.W. 2d 482, 484 (Tex. 1998) (holding an insurance company employee to be a "person" for the purpose of bringing a cause of action against them under the Texas Insurance Code and subjecting them to individual liability).

25. Defendants, Sussex and Palacios', unfair settlement practices, as described above, of misrepresenting to Plaintiff material facts relating to the coverage at issue, constitutes an unfair

3/25/2016 10:59:23 AM
Hidalgo County District Clerks
Reviewed By: Leticia Pecina

method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE. §541.060(a)(1).

26. The unfair settlement practices of Defendants, Sussex and Palacios, as described above, of failing to promptly provide Plaintiff with a reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for the offer of a compromise settlement of Plaintiff's claim, constitute an unfair methods of competition and an unfair and deceptive acts or practices in the business of insurance. TEX. INS. CODE. §541.060(a)(3).

27. Defendants, Sussex and Palacios', unfair settlement practices, as described above, of refusing to pay Plaintiff's claim without conducting a reasonable investigation, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE. §541.0609(a)(7).

**Fraud against all Defendant Parties**

28. Defendants Sussex and Palacios are liable to Plaintiff for common law fraud.

29. Defendants made material misrepresentations to Plaintiff as to the extent of her damages, the need for repairs, the quality of their services, and the extent of the coverage provided by the Policy of those damages. Each and every one of the representations, as described above, concerned material facts relied upon by Plaintiff which Defendants, Sussex and Palacios, knew were false or made recklessly without any knowledge of their truth as a positive assertion.

30. The statements were made with the intention that they should be acted upon by Plaintiff, who in turn acted in reliance upon the statements proximately causing Plaintiff to suffer injury and damages as described herein below.

**Conspiracy to Commit Fraud against all Defendant Parties**

31. Defendants Sussex and Palacios are liable to Plaintiff for conspiracy to commit fraud. Defendants Sussex and Palacios were members of a combination of two or more persons whose object was to accomplish an unlawful purpose by unlawful means. In reaching a meeting of the minds regarding the course of action to be taken against Plaintiff, Defendants, Sussex and Palacios, committed an unlawful, overt act to further the object of the conspiracy. Plaintiff suffered injury as a proximate result.

## CAUSES OF ACTION AGAINST SUSSEX ONLY

32. Defendant Sussex is liable to Plaintiff for breach of contract, as well as intentional violations of the Texas Insurance Code and intentional breach of good faith and fair dealing.

### Breach of Contract

33. Defendant Sussex's conduct as described *supra* constitutes a breach of the insurance contract made between Sussex and Plaintiff.

34. Defendant Sussex's failure and refusal, as described above, to pay the adequate compensation as it is obligated to do under the terms of the Policy in question and under the laws of the State of Texas, constitutes a breach of Sussex's insurance contract with Plaintiff which proximately caused Plaintiff the loss of the policy benefits.

### Noncompliance with Texas Insurance Code: Unfair Settlement Practices

35. Defendant Sussex's conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE. §541.060(A). All violations under this article are made actionable by TEX. INS. CODE. §541.151.

36. Defendant Sussex's unfair settlement practice, as described above, of misrepresenting to Plaintiff material facts relating to the coverage at issue, constitutes an unfair method of

competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE. §541.060(a)(1).

37. Defendant Sussex's unfair settlement practice, as described above, of failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claim, even though Sussex's liability under the Policy was reasonably clear, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE. §541.060(a)(2)(A).

38. Defendant Sussex's unfair settlement practice, as described above, of failing to promptly provide Plaintiff with a reasonable explanation of the basis in the Policy, in relation to facts or applicable law, for their offer of a compromise settlement of the claim, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE. §541.060(a)(3).

39. Defendant Sussex's unfair settlement practice, as described above, of failing within a reasonable time to affirm or deny coverage of the claim to Plaintiff, or to submit a reservation of rights to Plaintiff, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE. §541.060(a)(4).

40. Defendant Sussex's unfair settlement practice, as described above, of refusing to pay Plaintiff's claim without conducting a reasonable investigation, constitutes an unfair method of competition and unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE. §541.060(a)(7).

**Noncompliance with Texas Insurance Code: The Prompt Payment of Claims**

41. Defendant Sussex's conduct constitutes multiple violations of the Texas Insurance Code, Prompt Payment of Claims. All violations made under this article are made actionable by TEX. INS. CODE. §542.060.

42. Defendant Sussex's failure to acknowledge receipt of Plaintiff's claim, commence investigation of the claim, request from Plaintiff all items, statements, and forms that they reasonable believed would be required within the applicable time constraints, and pay the full amount of the claim, as described above, constitutes a non-prompt payment of claim and a violation of the TEX. INS. CODE §542.056(a).

### Breach of Duty of Good Faith and Fair Dealing

43. Defendant Sussex's conduct constitutes a breach of the common law duty of good faith and fair dealing owed to an insured in insurance contracts.

44. Defendant Sussex's failure, as described above, to adequately and reasonably investigate and evaluate Plaintiff's claim when Sussex knew, or should have known, by the exercise of reasonable diligence that its liability was reasonably clear, constitutes a breach of the duty of good faith and fair dealing which proximately caused Plaintiff's damages as described herein below.

### KNOWLEDGE

45. The acts of Defendants are in violation of the Insurance Code described above were done "knowingly," as that item is used in the Texas Insurance Code, and were producing causes of Plaintiff's damages described herein.

### VI. DAMAGES

46. Plaintiff will show that all of the aforementioned acts, taken together or singularly, constitute the proximate or producing causes of the damages sustained by Plaintiff.

47. As previously mentioned, the damages caused by the storms described above rendered Plaintiff's property substantially damaged. These damages have not been properly addressed or repaired in the months since the storm, causing further damages to the Property and causing undue hardship and burden to Plaintiff. These damages are a direct result of Defendants', Sussex and Palacios', mishandling of Plaintiff's claim in violation of the laws set forth above.

48. For breach of contract, Plaintiff is entitled to regain the benefit of her bargain, which is the amount of her claim, together with attorneys' fees.

49. For noncompliance with the Texas Insurance Code, Unfair Settlement Practices, Plaintiff is entitled to actual damages, which include the loss of the benefits that should have been paid pursuant to the policy, mental anguish, court costs and attorney's fees.

50. For noncompliance with Texas Insurance Code, Prompt Payment of Claims, Plaintiff is entitled to the amount of her claim, as well as eighteen (18) percent interest per annum of the amount of such claim as damages, together with attorney's fees. TEX. INS. CODE. §542.060.

51. For breach of the Common Law duty of good faith and fair dealing, Plaintiff is entitled to compensatory damages, including all forms of loss resulting from the insurer's breach of duty, such as additional costs, economic hardship, losses due to nonpayment of the amount the insurer owed, exemplary damages and damages for emotional distress.

52. For fraud, Plaintiff is entitled to recover actual damages and exemplary damages for knowing fraudulent and malicious representations, along with attorneys' fees, interest and court costs.

53. For the prosecution and collection of this claim, Plaintiff has been required to retain the services of the undersigned attorneys and is entitled to recover their reasonable and necessary attorneys' fees.

54. As a result of the knowing violations of the Texas Insurance Code, Plaintiff is entitled to recover treble damages pursuant to the provisions of the Texas Insurance Code.

55. In accordance with Rule 47, as amended, and with the information currently available, Plaintiff seeks monetary relief between $200,000.00 (two-hundred thousand) and $1,000,000.00 (one-million) dollars.

## VII. WRITTEN DISCOVERY

### Requests for Disclosure

56. Under Texas Rule of Civil Procedure 194, plaintiff requests that defendants disclose, within 50 days of the service of this request, the information or material described in Rule 194.2.

### Plaintiff's 1st Requests for Production to Defendants Sussex and Elizabeth Palacios

57. Please produce a copy of your entire claims file, including memos, emails, estimates, records, a complete copy of the policy, letters, evaluations, etc. If you make claim of privilege for any documents requested in this request for production, then pursuant to TRCP 193.3(b), consider this Plaintiff's request that you identify the information and material withheld and the specific privilege asserted by producing a privilege log of each document withheld.

## VIII. PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that upon trial hereof, said Plaintiff have and recover such sums as would reasonably and justly compensate her in accordance with the rules of law and procedure, as to actual damages, treble damages under the Texas Insurance Code, and all punitive and exemplary damages as may be found. In addition, Plaintiff requests the award of attorney's fees for the trial and any appeal of this case, for all costs of Court on her behalf expended, for prejudgment and post-judgment interest as allowed by law, and for any other and further relief, either at law or in equity, to which she may show herself

3/25/2016 10:59:23 AM
Hidalgo County District Clerks
Reviewed By: Leticia Pecina

justly entitled.

Respectfully submitted,

LAWRENCE LAW FIRM
3112 Windsor Rd., Suite A234
Austin, Texas 78703
(956) 994-0057
(800) 507-4152 FAX

By:

LARRY W. LAWRENCE, JR.
State Bar No. 00794145

MICHAEL LAWRENCE
State Bar. No. 24055826
Lawrencefirm@gmail.com

Cartwright Law Firm, LLP
1300 Post Oak Blvd, Suite 760
Houston, Texas 77056
(713) 840-0950
(713) 840-0046 (fax)
Mr. Dan Cartwright
State Bar No. 03942500

Ms. Lory Sopchak
State Bar No. 24076706
Lory@dcartwrightlaw.net

ATTORNEYS FOR PLAINTIFF

C-1375-16-I
## 398TH DISTRICT COURT, HIDALGO COUNTY, TEXAS

## CITATION

## THE STATE TEXAS

**NOTICE TO DEFENDANT**: You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty (20) days after you were served this citation and petition, a default judgment may be taken against you.

**Roger Palacios**
**May be served at: Sussex Ins. Co.**
**6801 Calmont Avenue**
**Fort Worth TX 76101**

You are hereby commanded to appear by filing a written answer to the PLAINTIFF'S ORIGINAL PETITION at or before 10:00 o'clock a.m on the Monday next after the expiration of twenty (20) days after the date of service hereof, before the Honorable 398th District Court of Hidalgo County, Texas at the Courthouse, 100 North Closner, Edinburg, Texas 78539.

Said Petition was filed on this the 25th day of March, 2016 and a copy of same accompanies this citation. The file number and style of said suit being, **C-1375-16-I, MARIA CYNTHIA VELA  VS.  SUSSEX INSURANCE COMPANY AND ROGER PALACIOS**

Said Petition was filed in said court by Attorney MICHAEL W. LAWRENCE, 3112 Windsor Rd. #A1234, Austin, Texas 78703 .

The nature of the demand is fully shown by a true and correct copy of the petition accompanying this citation and made a part hereof.

The officer executing this writ shall promptly serve the same according to requirements of law, and the mandates thereof, and make due return as the law directs.

**ISSUED AND GIVEN UNDER MY HAND AND SEAL** of said Court at Edinburg, Texas on this the 4th day of April, 2016.

**LAURA HINOJOSA, DISTRICT CLERK**
**HIDALGO COUNTY, TEXAS**

*Irene Caceres*

**IRENE CACERES DEPUTY CLERK**

CERTIFIED MAIL  9214 8901 0661 5400 0083 5733 05

## CERTIFICATE OF RETURN
## UNDER RULES 103 T.R.C.P.

This is to certify that on this the 4th day of April, 2016 I, Irene Caceres, Deputy Clerk of the 398th District Court of Hidalgo County, Texas mailed to the defendant in Cause Number C-1375-16-I, Maria Cynthia Vela  VS.  Sussex Insurance Company and Roger Palacios a copy of the citation along with a copy of the petition by certified mail return receipt requested.   Return receipt was returned on the _____ day of _____, 201____  (or   unserved   for   the   reason   on   the   certificate   return) _____.

**GIVEN UNDER MY HAND AND SEAL OF SAID COURT**, at office in Edinburg, Texas on this the 4th day of April, 2016.

**LAURA HINOJOSA, DISTRICT CLERK**
**HIDALGO COUNTY, TEXAS**

_Irene Caceres._
_____
**IRENE CACERES, DEPUTY CLERK**

## COMPLETE IF YOU ARE PERSON OTHER THAN A SHERIFF,
## CONSTABLE OR CLERK OF THE COURT

In accordance to Rule 107, the officer or authorized person who serves or attempts to serve a citation must sign the return.  If the return is signed by a person other than a sheriff, constable or the clerk of the court, the return must either be verified or be signed under the penalty of perjury.  A return signed under penalty of perjury must contain the statement below in substantially the following form:

"My   name   is   _____, my   date   of   birth   is _____ and the address is _____,and I declare under penalty of perjury that the foregoing is true and correct.

**EXECUTED** in _____County, State of Texas, on the _____ day of _____, 20_____.

_____
**Declarant"**

_____
**If Certified by the Supreme Court of Texas**
**Date of Expiration / SCH Number**

C-1375-16-I
## 398TH DISTRICT COURT, HIDALGO COUNTY, TEXAS

### CITATION

### THE STATE TEXAS

**NOTICE TO DEFENDANT**: You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty (20) days after you were served this citation and petition, a default judgment may be taken against you.

**Sussex Insurance Company**
**By serving its agent: CT Corporation System**
**1999 Bryan Street Suite 900**
**Dallas, Texas 75201**

You are hereby commanded to appear by filing a written answer to the PLAINTIFF'S ORIGINAL PETITION at or before 10:00 o'clock a.m on the Monday next after the expiration of twenty (20) days after the date of service hereof, before the Honorable 398th District Court of Hidalgo County, Texas at the Courthouse, 100 North Closner, Edinburg, Texas 78539.

Said Petition was filed on this the 25th day of March, 2016 and a copy of same accompanies this citation. The file number and style of said suit being, **C-1375-16-I, MARIA CYNTHIA VELA VS. SUSSEX INSURANCE COMPANY AND ROGER PALACIOS**

Said Petition was filed in said court by Attorney MICHAEL W. LAWRENCE, 3112 Windsor Rd. #A1234, Austin, Texas 78703 .

The nature of the demand is fully shown by a true and correct copy of the petition accompanying this citation and made a part hereof.

The officer executing this writ shall promptly serve the same according to requirements of law, and the mandates thereof, and make due return as the law directs.

**ISSUED AND GIVEN UNDER MY HAND AND SEAL** of said Court at Edinburg, Texas on this the 4th day of April, 2016.

**LAURA HINOJOSA, DISTRICT CLERK**
**HIDALGO COUNTY, TEXAS**

*Irene Caceres.*

**IRENE CACERES DEPUTY CLERK**

CERTIFIED MAIL  9214 8901 0661 5400 0083 5733 96

## CERTIFICATE OF RETURN
## UNDER RULES 103 T.R.C.P.

This is to certify that on this the 4th day of April, 2016 I, Irene Caceres, Deputy Clerk of the 398th District Court of Hidalgo County, Texas mailed to the defendant in Cause Number C-1375-16-I, Maria Cynthia Vela  VS.  Sussex Insurance Company and Roger Palacios a copy of the citation along with a copy of the petition by certified mail return receipt requested.  Return receipt was returned on the _____ day of _____, 201___  (or   unserved   for   the   reason   on   the   certificate   return) _____.

**GIVEN UNDER MY HAND AND SEAL OF SAID COURT**, at office in Edinburg, Texas on this the 4th day of April, 2016.

**LAURA HINOJOSA, DISTRICT CLERK**
**HIDALGO COUNTY, TEXAS**

_Irene Caceres._
**IRENE CACERES, DEPUTY CLERK**

## COMPLETE IF YOU ARE PERSON OTHER THAN A SHERIFF,
## CONSTABLE OR CLERK OF THE COURT

In accordance to Rule 107, the officer or authorized person who serves or attempts to serve a citation must sign the return.  If the return is signed by a person other than a sheriff, constable or the clerk of the court, the return must either be verified or be signed under the penalty of perjury.  A return signed under penalty of perjury must contain the statement below in substantially the following form:

"My   name   is   _____,   my   date   of   birth   is _____ and the address is _____,and I declare under penalty of perjury that the foregoing is true and correct.

**EXECUTED** in _____County, State of Texas, on the _____ day of _____, 20_____.

_____
**Declarant"**

_____
**If Certified by the Supreme Court of Texas**
**Date of Expiration / SCH Number**

CAUSE NO. C-1375-16-I

| | | |
|---|---|---|
| MARIA CYNTHIA VELA | § | IN THE DISTRICT COURT |
| | § | |
| V. | § | 398TH JUDICIAL DISTRICT |
| | § | |
| SUSSEX INSURANCE COMPANY AND | § | |
| ROGER PALACIOS | § | HIDALGO COUNTY, TEXAS |

## DEFENDANT SUSSEX INSURANCE COMPANY'S ORIGINAL ANSWER

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, SUSSEX INSURANCE COMPANY, Defendant in the above-styled and numbered cause, and makes and files this, its original answer in reply to Plaintiff's Petition, and for such answer and would respectfully show unto the Court the following:

1.

Pursuant to Rule 92 of the Texas Rules of Civil Procedure, Defendant generally denies the allegations contained within Plaintiff's Petition and demand strict proof thereon by a preponderance of the credible evidence in accordance with the laws of the State of Texas.

2.

Pleading further and without waiver of the above, Defendant denies the occurrence of all conditions precedent to Plaintiff's claim. Without limiting the foregoing, Defendant denies that the following has occurred:

    a.    that there has been full compliance with all terms and conditions of the insurance policy at issue as required prior to Plaintiff bringing suit, including, but not limited to, the requirement that payment is only due after agreement is reached on the amount of loss or an appraisal award has been made; and

    b.    that Plaintiff has provided the required written notice under Section 541.154 of the Texas Insurance Code at least 60 days prior to filing suit.

4/29/2016 1:10:09 PM
Hidalgo County District Clerks
Reviewed By: Heather Riojas

3.

Pleading further and without waiver of the above, Defendant requests that this Court compel mediation pursuant to TEXAS INSURANCE CODE § 541.161(a). This mediation is required under the Texas Insurance Code and Texas Business & Commerce Code. TEX. INS. CODE § 541.161(b).

4.

Additionally, the insurance policy pertaining to the claims asserted by the Plaintiff includes a specific "Appraisal" clause which sets forth the procedure in the event of a disagreement of the amount of the loss. Specifically, the policy requires that, upon written request, the property must be appraised by each party's own independent appraiser. In the event of a disagreement in the appraisal, the differences are submitted to an umpire for determination. Defendant insurance company was potentially deprived of the opportunity to invoke the appraisal clause prior to suit. Further, the lawsuit potentially prevented Defendant insurance company from attempting to resolve the alleged problems, reaching an impasse or invoking the appraisal clause, if necessary. Defendant insurance company reserves the contractual right to invoke this clause and that the property be appraised according to the terms of the applicable insurance policy if the parties reach an impasse. Defendant insurance company has not waived and is not waiving this provision and may assert it in the future.

5.

Pursuant to Rule 193.7 of the Texas Rules of Civil Procedure, Defendant hereby gives actual notice to Plaintiff that any and all documents and materials produced in response to written discovery may be used as evidence in this case; and, that any such materials may be used as evidence against the party producing the document at any pretrial proceeding and/or at the trial of

4/29/2016 1:10:09 PM
Hidalgo County District Clerks
Reviewed By: Heather Riojas

this matter without the necessity of authenticating the document and/or materials produced in discovery.

6.

Requests for Disclosure

At the time required by law or the Rules, this Defendant requests the Plaintiff to respond to all of the matters in TRCP 194.2.

WHEREFORE, PREMISES CONSIDERED, Defendant prays that upon final hearing hereof, that Plaintiff not recover against Defendant and that Defendant goes hence with its costs without day and for such other and further relief, at law or in equity, to which Defendant may justly show itself entitled to receive.

Respectfully submitted,

Gault, Nye & Quintana, L.L.P.
P.O. Box 6666
Corpus Christi, Texas 78466
(361) 654-7008
(361) 654-7001 Telecopier
tnye@gnqlawyers.com

By: _____
Thomas F. Nye
State Bar No. 15154025

William Gault
State Bar No. 07765050
Gault, Nye & Quintana, L.L.P.
P.O. Box 5959
Brownsville, Texas 78523
(956) 544-7110
(956) 544-0607 Telecopier
bgault@gnqlawyers.com

ATTORNEYS FOR DEFENDANT SUSSEX INSURANCE COMPANY

DATE 05|05|16
A true copy I certify
LAURA HINOJOSA
District Clerk, Hidalgo County, Texas
By _____ Deputy 48

VELA, MARIA CYNTHIA /SIC – D OA – SIC - PAGE 3 OF 4

4/29/2016 1:10:09 PM
Hidalgo County District Clerks
Reviewed By: Heather Riojas

## CERTIFICATE OF SERVICE

I, Thomas F. Nye, hereby certify that on the 29ᵗʰ day of May, 2016, a true and correct copy of the above and foregoing document was served upon the following counsel as indicated:

*Attorneys for Plaintiff*
Larry W. Lawrence, Jr.
Lawrence Law Firm
Email: lawrencefirm@gmail.com

Dan Cartwright
Lory Sopchak
Cartwright Law Firm, LLP
Email: lory@dcartwrightlaw.net

**VIA E-FILING**

Thomas F. Nye

4/29/2016 1:10:09 PM
Hidalgo County District Clerks
Reviewed By: Heather Riojas

CAUSE NO. C-1375-16-I

| | | |
|---|---|---|
| MARIA CYNTHIA VELA | § | IN THE DISTRICT COURT |
| | § | |
| V. | § | 398TH JUDICIAL DISTRICT |
| | § | |
| SUSSEX INSURANCE COMPANY AND | § | |
| ROGER PALACIOS | § | HIDALGO COUNTY, TEXAS |

## DEFENDANT'S DEMAND FOR JURY

COMES NOW, SUSSEX INSURANCE COMPANY, Defendant in the above-referenced

cause, and demands a trial by jury. The jury fee has previously been paid by the Plaintiff.

Respectfully submitted,

Gault, Nye & Quintana, L.L.P.
P.O. Box 6666
Corpus Christi, Texas 78466
(361) 654-7008
(361) 654-7001 Telecopier
tnye@gnqlawyers.com

By: _____
        Thomas F. Nye
        State Bar No. 15154025

William Gault
State Bar No. 07765050
Gault, Nye & Quintana, L.L.P.
P.O. Box 5959
Brownsville, Texas 78523
(956) 544-7110
(956) 544-0607 Telecopier
bgault@gnqlawyers.com

ATTORNEYS FOR DEFENDANT SUSSEX
INSURANCE COMPANY

DATE 05|05|16
A true copy I certify
LAURA HINOJOSA
By: _____
Deputy 46

4/29/2016 1:10:09 PM
Hidalgo County District Clerks
Reviewed By: Heather Riojas

## CERTIFICATE OF SERVICE

I, Thomas F. Nye, hereby certify that on the 29th day of May, 2016, a true and correct copy of the above and foregoing document was served upon the following counsel as indicated:

*Attorney for Plaintiff*
Larry W. Lawrence, Jr.
Lawrence Law Firm
Email: lawrencefirm@gmail.com

Dan Cartwright
Lory Sopchak
Cartwright Law Firm, LLP
Email: lory@dcartwrightlaw.net

**VIA E-FILING**

Thomas F. Nye

4/29/2016 4:23:08 PM
Hidalgo County District Clerks
Reviewed By: Heather Riojas

CAUSE NO. C-1375-16-I

| | | |
|---|---|---|
| MARIA CYNTHIA VELA | § | IN THE DISTRICT COURT |
| | § | |
| V. | § | 398TH JUDICIAL DISTRICT |
| | § | |
| SUSSEX INSURANCE COMPANY AND | § | |
| ROGER PALACIOS | § | HIDALGO COUNTY, TEXAS |

## DEFENDANT ROGER PALACIOS' ORIGINAL ANSWER

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, ROGER PALACIOS, Defendant in the above-styled and numbered cause, and makes and files this, his original answer in reply to Plaintiff's Petition, and for such answer and would respectfully show unto the Court the following:

1.

Pursuant to Rule 92 of the Texas Rules of Civil Procedure, Defendant generally denies the allegations contained within Plaintiff's Petition and demand strict proof thereon by a preponderance of the credible evidence in accordance with the laws of the State of Texas.

2.

Pleading further and without waiver of the above, Defendant denies the occurrence of all conditions precedent to Plaintiff's claim. Without limiting the foregoing, Defendant denies that the following has occurred:

      a.    that there has been full compliance with all terms and conditions of the insurance policy at issue as required prior to Plaintiff bringing suit, including, but not limited to, the requirement that payment is only due after agreement is reached on the amount of loss or an appraisal award has been made; and

      b.    that Plaintiff has provided the required written notice under Section 541.154 of the Texas Insurance Code at least 60 days prior to filing suit.

4/29/2016 4:23:08 PM
Hidalgo County District Clerks
Reviewed By: Heather Riojas

3.

Pleading further and without waiver of the above, Defendant requests that this Court compel mediation pursuant to Texas Insurance Code § 541.161(a). This mediation is required under the Texas Insurance Code and Texas Business & Commerce Code. Tex. Ins. Code § 541.161(b).

4.

Pursuant to Rule 193.7 of the Texas Rules of Civil Procedure, Defendant hereby gives actual notice to Plaintiff that any and all documents and materials produced in response to written discovery may be used as evidence in this case; and, that any such materials may be used as evidence against the party producing the document at any pretrial proceeding and/or at the trial of this matter without the necessity of authenticating the document and/or materials produced in discovery.

5.

Requests for Disclosure

At the time required by law or the Rules, this Defendant requests the Plaintiff to respond to all of the matters in TRCP 194.2.

WHEREFORE, PREMISES CONSIDERED, Defendant prays that upon final hearing hereof, that Plaintiff not recover against Defendant and that Defendant goes hence with his costs without day and for such other and further relief, at law or in equity, to which Defendant may justly show himself entitled to receive.

4/29/2016 4:23:08 PM
Hidalgo County District Clerks
Reviewed By: Heather Riojas

Respectfully submitted,

Gault, Nye & Quintana, L.L.P.
P.O. Box 6666
Corpus Christi, Texas 78466
(361) 654-7008
(361) 654-7001 Telecopier
tnye@gnqlawyers.com


By: _____
        Thomas F. Nye
        State Bar No. 15154025

William Gault
State Bar No. 07765050
Gault, Nye & Quintana, L.L.P.
P.O. Box 5959
Brownsville, Texas 78523
(956) 544-7110
(956) 544-0607 Telecopier
bgault@gnqlawyers.com

ATTORNEYS   FOR   DEFENDANT   ROGER
PALACIOS

DATE 05/05/16
A true copy I certify
LAURA HINOJOSA
Hidalgo County, Texas
By Deputy 46

4/29/2016 4:23:08 PM
Hidalgo County District Clerks
Reviewed By: Heather Riojas

## CERTIFICATE OF SERVICE

I, Thomas F. Nye, hereby certify that on the 29th day of April, 2016, a true and correct copy of the above and foregoing document was served upon the following counsel as indicated:

*Attorneys for Plaintiff*
Larry W. Lawrence, Jr.
Lawrence Law Firm
Email: lawrencefirm@gmail.com

Dan Cartwright
Lory Sopchak
Cartwright Law Firm, LLP
Email: lory@dcartwrightlaw.net

**VIA E-FILING**

Thomas F. Nye
Thomas F. Nye

4/29/2016 4:23:08 PM
Hidalgo County District Clerks
Reviewed By: Heather Riojas

CAUSE NO. C-1375-16-I

| | | |
|---|---|---|
| MARIA CYNTHIA VELA | § | IN THE DISTRICT COURT |
| | § | |
| V. | § | 398TH JUDICIAL DISTRICT |
| | § | |
| SUSSEX INSURANCE COMPANY AND | § | |
| ROGER PALACIOS | § | HIDALGO COUNTY, TEXAS |

## DEFENDANT'S DEMAND FOR JURY

COMES NOW, ROGER PALACIOS, Defendant in the above-referenced cause, and demands

a trial by jury. The jury fee has previously been paid by the Plaintiff.

Respectfully submitted,

Gault, Nye & Quintana, L.L.P.
P.O. Box 6666
Corpus Christi, Texas 78466
(361) 654-7008
(361) 654-7001 Telecopier
tnye@gnqlawyers.com

By: _____
Thomas F. Nye
State Bar No. 15154025

William Gault
State Bar No. 07765050
Gault, Nye & Quintana, L.L.P.
P.O. Box 5959
Brownsville, Texas 78523
(956) 544-7110
(956) 544-0607 Telecopier
bgault@gnqlawyers.com

ATTORNEYS FOR DEFENDANT ROGER PALACIOS

DATE 05\05\16
A true copy I certify
LAURA HINOJOSA
District Clerk, Hidalgo County, Texas
By_____ Deputy 46

4/29/2016 4:23:08 PM
Hidalgo County District Clerks
Reviewed By: Heather Riojas

## CERTIFICATE OF SERVICE

I, Thomas F. Nye, hereby certify that on the 29th day of April, 2016, a true and correct copy of the above and foregoing document was served upon the following counsel as indicated:

*Attorney for Plaintiff*
Larry W. Lawrence, Jr.
Lawrence Law Firm
Email: lawrencefirm@gmail.com

Dan Cartwright
Lory Sopchak
Cartwright Law Firm, LLP
Email: lory@dcartwrightlaw.net

**VIA E-FILING**

_____
Thomas F. Nye